**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 4:19-CR-01051 HEA (PLC) |
| | ) | |
| | ) | |
| JALEN EXAVIER SIMMS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR BILL OF PARTICULARS**
**OR IN THE ALTERNATIVE**
**MOTION TO DISMISS INDICTMENT FOR LACK OF JURISDICTION**
**AND MEMORANDUM OF LAW OF SUPPORT**

COMES NOW Defendant, JALEN EXAVIER SIMMS, by and through his attorney, and respectfully moves this Court to grant his Motion for a Bill of Particulars, or in the alternative, to Dismiss the Indictment for Lack of Jurisdiction.  In support of his Motion, Defendant states the following:

1. On December 19, 2019, a two-count Indictment was filed against Defendant Jalen Simms ("Defendant").  *See* Doc. # 2.  Specifically, Defendant is charged in Count I with attempt to take a motor vehicle by force, resulting in death, in violation of 18 U.S.C. § 2119(3) and 2; and in Count II with discharging a firearm in furtherance of a crime of violence, resulting in death, in violation of 18 U.S.C. § 924(j)(1).

2. The Government has since provided Defendant with discovery, which included police reports, lab reports, video, and audio recordings.  After a review of said items, and the Indictment in which Defendant is charged, the Government has failed to adequately inform

Defendant of the nature and cause of the accusations against him. Specifically, the Government has failed to state how Defendant attempted to take a motor vehicle.

Title 18, U.S.C., § 2119 states:

"Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so…"

In the case at hand, the Government has failed to describe a taking or an attempted taking of a motor vehicle, which is also known colloquially as a "carjacking". The Indictment itself fails to provide notice of such a carjacking, and the lack of notice was not supplemented with discovery that supports the allegation.

Count Two of the indictment also references a carjacking, which is an essential element of said count. Without more specific information as to how an attempted carjacking occurred, Defendant is unable to prepare an adequate defense to Count Two.

Alternatively, should the Government be unable to provide more information supporting its allegation that Defendant committed an attempted carjacking, the Indictment should be dismissed. The Government's failure to fulfill an essential element of both Counts One and Two should result of a dismissal of those counts as the Indictment fails to establish federal jurisdiction and a colorable claim in that it fails to state an offense.

## MEMORANDUM OF LAW IN SUPPORT

Under Rule 7(f), the Court "may direct the government to file a bill of particulars" upon the defendant's motion. Fed.R. Crim. P. 7(f). The purpose of a bill of particulars is to "inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, [and] to avoid or minimize the danger of surprise at trial." *United States v. Beasley*, 688 F.3d 523 (8th Cir. 2012) (quoting *United States v. Hernandez*, 299 F.3d 984, 989-90

(8th Cir. 2002)).  The Trial Court has broad discretion to evaluate appropriateness of a bill of particulars.  *United States v. Sileven*, 985 F.2d 962, 966 (8th Cir. 1993).  An indictment adequately states an offense if

> "it contains all of the essential elements of the offenses charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.  An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense…"

*See United States v. Mann*, 701 F.3d 274, 288 (8th Cir. 2012) (quoting *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008)).

Courts have recognized that situations exist where an indictment, which simply sets forth the elements of the offense charged, is insufficient.  *See United States v. Dolan*, 120 F.3d 856, 866 (8th Cir. 1997) (holding that "[w]here the plain language of an indictment fails to alert a defendant of the 'precise nature of the government's allegations,' a bill of particulars can cure the deficiencies in the indictment's form"); *see also Will v. United States*, 389 U.S. 90, 101 (1967) (holding that the defendant required identification of the times, places and persons present in order to prepare his defense).  An indictment "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" *See Hamling v. United States*, 418 U.S. 87, 117-18 (1974) (internal citations omitted).  Counts One and Two fail to inform the defendant of the "specific offense" and instead only recite the general category of offense defined by the statute.

Courts have been reluctant to order a bill of particulars where the specifics of a generically stated offense in an indictment are available in necessary detail by other means, such as discovery.  *See United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011).

Although discovery was provided in the instant case, it fails to establish a link between the alleged behavior of the Defendant and an attempted carjacking.  The Government's discovery presupposes that because a homicide occurred within the proximity of a vehicle, it must be a carjacking.

The Discovery, however, fails to draw a link between the Defendant's alleged conduct and a taking or attempted taking of a motor vehicle.  Specifically, video evidence shows three individuals walking north on a sidewalk.  Along the curb closest to the sidewalk, a pickup truck is parked, with the victim sitting in the driver's side.  Two of the aforementioned walking individuals stop.  One ("Shooter") approaches the driver's side of the pickup while other stands a few feet behind the passenger door.  The Shooter and the victim engage in a physical altercation, and after a moment, the Shooter and individual by the passenger door run from the pickup truck.  The victim is seen stumbling from the pickup, carrying an object.  He leaves the frame, and then reappears, where he falls to the ground.

While the aforementioned paragraph may describe an incident that occurred in or near a motor vehicle, it fails to establish that the Shooter attempted to take the motor vehicle.  The Government begs the viewer to make the leap-in-logic, and conclude that an attempted carjacking was occurring, but nothing supports that position.

Furthermore, the reports fail to establish an attempted taking.  While certain witnesses may recall hearing gunshots or seeing people running from the scene, they fail to tell the police that a carjacking or taking of any kind was occurring.

Here, the Indictment states that the Defendant "…did attempt to take from the person and presence of another, by force, violence, and intimidation, a motor vehicle, that is, a 2012 Dodge

Ram truck…" *See* Doc. # 2.  The indictment makes a very basic assertion that the Defendant attempted to take a motor vehicle—in essence a recitation of the statute.  *Id.*

As in *Dolan*, 120 F.3d at 866, Courts have recognized that simply setting forth the elements of the charge may be considered insufficient.  In the instant case, no facts have been pled or provided to the Defendant via discovery that an attempted taking of a motor vehicle occurred.

In *Russell v. United States*, 369 U.S. 749 (1962), the Supreme Court stated:

> To allow the prosecutor, or the court to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of the basic protection which the guaranty of the intervention of the grand jury was designed to secure.  For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indited him.

369 U.S. at 770.

Here, the defense is left guessing as to how the grand jury concluded that the Defendant engaged in an attempted taking of a motor vehicle. The Indictment merely provides a sort statement that recites the elements of the offense, but fails to state the substantial step[1] toward the actual taking.  Without such a description, the Defendant is left guessing as to how such an attempted taking occurred.  The discovery fails to provide any clarity, as does the Indictment.

In the alternative, should the government be unable to provide any information requested in a bill of particulars, Mr. Simms moves to dismiss the instant case pursuant to Federal Rules of Criminal Procedure 12(b)(2) and 12(b)(3)(B)(v) as there is no federal jurisdiction and the Indictment fails to state an offense.

---

[1] An "attempt" requires "(1) an intent to engage in criminal conduct, and (2) conduct constituting a "substantial" step toward commission of the intended offense which strongly corroborates the actor's criminal intent.  *United States v. Joyce*, 693 F.2d 838, 841 (8th Cir. 1982).

An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Rule 7(c)(1), Federal Rules of Criminal Procedure.

To date, the Government has not provided any information supporting the proposition that Mr. Simms engaged in an attempt to take a motor vehicle—a fact essential to the offenses. The only connection in this case to a motor vehicle is that the incident occurred near or in one. That proximity, however, is not decisive in determining whether or not the Government has stated a colorable claim within the Indictment.

Without such a showing, the Indictment should be dismissed as it fails to state the necessary elements of 18 U.S.C. § 2119(3) and 2, and 18 U.S.C. § 924(j)(1).

WHEREFORE Defendant, Jalen Simms, moves this Court to grant his Motion for a Bill of Particulars, or in the alternative, to Dismiss the Indictment for Lack of Jurisdiction, and any other relief the Court deems necessary and just.

Respectfully submitted,

THE BOROWIAK LAW FIRM, LLC

 /s/Zachary J. Borowiak
ZACHARY J. BOROWIAK, MO58855
Attorney for Defendant
225 S. Meramec, Ste. 1100
St. Louis, MO 63105
(314) 537-2351 (Telephone)
(314) 269-1042 (Facsimile)
borowiaklaw@gmail.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and accurate copy of the foregoing was served upon all counsel of record on this 2nd day of July, 2021, via the Court's electronic filing system.

      /s/Zachary J. Borowiak