UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CR-01051 HEA (PLC) |
| | ) | |
| JALEN EXAVIER SIMMS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS OR, IN THE ALTERNATIVE, TO DISMISS THE INDICTMENT (DOC. #61)**

COMES NOW the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Angie E. Danis, Assistant United States Attorney for said District, and for its Response in Opposition to Defendant Jalen Simms' Motion for Bill of Particulars, or, in the Alternative, to Dismiss the Indictment, states as follows.

Defendant Jalen Exavier Simms (hereinafter "Simms") moves this Court for an Order requiring the Government to file a Bill of Particulars with regard to Counts One and Two of the Indictment (Doc. #1), alleging, in summary, that the Indictment fails to allege sufficient facts in order for Simms to prepare an adequate defense.  In the alternative, Simms requests this Court to dismiss the Indictment.  The Government opposes this Motion for the reasons set forth herein and respectfully submits that the Motion should be denied.

**Facts and Procedural History**

On or about December 19, 2019, a Grand Jury sitting in the Eastern District of Missouri returned an Indictment against Defendant Simms charging him with one count of attempted

carjacking, resulting in death, in violation of Title 18, United States Code, Sections 2 and 2119(3), and one count of discharge of a firearm in furtherance of a crime of violence, to wit: attempted carjacking, resulting in death, in violation of Title 18, United States Code, Sections 924(c) and 924(j).  Both Counts relate to the attempted carjacking and murder of Jabari Clark, which occurred within the City of St. Louis on June 3, 2019.

The defendant was ordered detained pending trial and provided the discovery related to the incident for which he was charged, which includes surveillance footage of the defendant and his unidentified co-conspirators committing the attempted carjacking and murder, as well as information related to the defendant's history with vehicular theft and his knowledge of how to steal vehicles.

Defendant now seeks a Bill of Particulars stating how the Defendant attempted to take the motor vehicle in question.  Defendant further alleges that the Government has failed to describe a taking or an attempted taking of a motor vehicle and that the evidence provided in discovery does not support the allegation.  Furthermore, as the attempted carjacking forms the basis for the murder charge in Count Two, the "lack of evidence" with regard to Count One means, according to the Defendant, that the Government cannot establish jurisdiction.  Counsel for the defendant asserts that "because a homicide occurred within proximity of a vehicle, it must be a carjacking."  (Doc. #61, pg. 4). This vastly oversimplifies the surveillance footage, in which the Defendant is seen attempting to drag the victim out of his vehicle.  It also ignores the fact that a screwdriver, a common tool of the carjacking trade, was found on the pavement where the Defendant was attempting to pull the victim out of the vehicle, or the role that evidence introduced pursuant to Rule 404(b) could play in establishing the Defendant's motive.

2

Defendant's motion amounts to a challenge of the sufficiency of the evidence in the case, which is a matter for a jury to consider, not a Magistrate Court.  As such, Defendant's motion should be summarily denied on its face.

### Argument

Simply, Defendant is not entitled to a bill of particulars.  Indictments and bills of particulars are governed by Rule 7 of the Federal Rules of Criminal Procedure.  Fed.R.Crim.P. 7(c) provides in relevant part:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion.  . . . For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

Fed.R.Crim.P. 7(f), which gives courts the power to direct the filing of a bill of particulars, provides in relevant part:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars *before or within 10 days after arraignment* or at a later time if the court permits.

(emphasis added).

In *Hamling v. United States,* 418 U.S. 117-18, 94 S.Ct. 2887 (1973), the United States Supreme Court found that an indictment is sufficient if it contains the elements of the offense charged, fairly informs a defendant of the charge against which he must defend, and enables the defendant to plead an acquittal or conviction in bar of future prosecutions of the same offense.  The fundamental purpose of a bill of particulars is to "inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite." *United States v. Hernandez*,

299 F.3d 984, 989-90 (8th Cir. 2002); *see, e.g., United States v. Wessels*, 12 F.3d 746, 751 (8th Cir. 1993); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (per curiam); *United States v. Garrett*, 797 F.2d 656, 665 (8th Cir. 1986).  The purpose of a bill of particulars, however, is not to provide the defendant with evidentiary detail.  *United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006); *Wessels*, 12 F.3d at 750; *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990); *United States v. Hill*, 589 F.2d 1344, 1352 (8th Cir. 1979); *Hemphill v. United States,* 392 F.2d 45, 49 (8th Cir. 1968). Furthermore, a defendant is not **entitled** to a bill of particulars. *Wong Tai v. United States*, 273 U.S. 77, 82 (1927)(emphasis mine).  Rather, a court has broad discretion to deny such a motion.  *United States v. Sileven,* 985 F.2d 962, 966 (8th Cir. 1993).

An Indictment must also provide sufficient information to allow the defendant to plead a conviction or acquittal as a double jeopardy bar.  *See, e.g., United States v. Mann*, 701 F.3d 274, 288 (8th Cir. 2012).  It "is normally sufficient if its language tracks the statutory language."  *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008).  Further, an Indictment need not use the specific words of the statute, so long as 'by fair implication' it alleges an offense recognized by law." *United States v. Villarreal*, 707 F.3d 942, 957 (8th Cir. 2013) (internal quotation omitted).  In order to determine whether a defendant has received sufficient information to allow him to prepare for trial, a court should consider what information the defendant received from the discovery and the Indictment.  *United States v. Diaz*, 303 F. Supp. 2d 84, 88-89 (D. Conn. 2004) (citation omitted).

The Government objects to defendant's request for a Bill of Particulars.  The Indictment in this case complies with Rule 7(c) of the Federal Rules of Criminal Procedure in that it contains a plain, concise, definitive statement of the essential facts and elements constituting the offense charged and from which the defendant is sufficiently able to prepare his defense.  *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir.

1993); *United States v. Matlock*, 675 F. 2d 981, 986 (8th Cir. 1982).  Now, 19 months after the filing of the Indictment, Defendant claims that he has all the necessary discovery, but that he does not find it sufficient to support the charges.  If the Defendant wishes to argue that the evidence in this case does not establish an attempted carjacking and a murder committed in furtherance thereof, he is welcome to do so at trial.  The issues Defendant has asserted in this motion are factual issues to be determined by a jury, not legal issues.  Therefore, this Court should deny Defendant's motion.

## Conclusion

Based on the foregoing, the Government requests that the Court deny Defendant Simms' Motion for Bill of Particulars or, in the Alternative, to Dismiss the Indictment.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Angie E. Danis*
ANGIE E. DANIS, #64805MO
Assistant United States Attorney
111 South Tenth Street, 20th Floor
Saint Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 6, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties and counsel of record.

*/s/ Angie E. Danis*
ANGIE E. DANIS, #64805MO
Assistant United States Attorney