**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )  **Case No.  4:19-CR-1051 HEA/PLC** |
| | ) |
| **JALEN EXAVIER SIMMS,** | ) |
| | ) |
| **Defendant.** | ) |

**Memorandum, Order and Report and Recommendation**

This matter is before the Court on motion of Defendant Jalen Simms for a bill of particulars or in the alternative, to dismiss for lack of jurisdiction.  [ECF No. 61].  The Government opposes the motion.  [ECF No. 62]  The parties presented argument to the Court by way of a zoom hearing on August 3, 2021.  [ECF No. 68]

**Background**

The Government charged Defendant with one count of violating 18 U.S.C. § 2119(3) and 2, by attempting to take a motor vehicle by force, resulting in death and one count of violating 18 U.S.C. § 924(c) by discharging a firearm in furtherance of a crime of violence.  As described in the indictment, both counts relate to an alleged attempted carjacking that resulted in the death of Jabari Clark on June 3, 2019 in the City of St. Louis.  The indictment provides as follows:

The Grand Jury charges that:

> On or about June 3, 2019, in the City of St. Louis, within the Eastern District of Missouri, Jalen Exavier Simms  aka "Pac Man," the Defendant herein, aided and abetted by others, with intent to cause death and serious bodily harm, did attempt to take from the person and presence of another, by force, violence, and intimidation, a motor vehicle, that is, a 2012 Dodge Ram truck, VIN #1C6RD7FT7CS283454, that had been transported in interstate commerce, resulting in the death of Jabari Clark.

In violation of Title 18, United States Code, Sections 2119(3) and 2.
Count II

The Grand jury further charges that on or about June 3, 2019, in the City of St. Louis, within the Eastern District of Missouri, Jalen Exavier Simms aka "Pac Man," the Defendant herein, aided and abetted by others, did knowingly possess, brandish, and discharge a firearm in furtherance of a crime of violence which may be prosecuted in a court of the United States; to wit: armed carjacking as charged in Count One herein, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii).

And in the course of this violation, caused the death of Jabari Clark through the use of the firearm, which killing is murder as defined in Title 18, United States Code, Section 1811, in that the defendant, with malice aforethought, unlawfully killed Jabari Clark by shooting him with the firearm willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Section 924(j)(1).

At the hearing, defense counsel acknowledged that the indictment tracked the language of the relevant statutes.

## Discussion

### A.  Motion for a bill of particulars

Defendant contends he is entitled to a bill of particulars because "the Government has failed to describe a taking or an attempted taking of a motor vehicle…." [ECF No. 61] Furthermore, Defendant asserts that "… [w]ithout more specific information as to how an attempted carjacking occurred, Defendant is unable to prepare an adequate defense to Count Two. [Id.]  Finally, Defendant focuses on the discovery the Government provided, stating it "fails to establish a link between the alleged behavior of the Defendant and an attempted carjacking."  [Id.]

The Government opposes Defendant's motion on the grounds that the indictment "complies with Rule 7(c) of the Federal Rules of Criminal Procedure in that it contains a plain, concise, definitive statement of the essential facts and elements constituting the offense charged and from which the defendant is sufficiently able to prepare his defense."  [ECF No. 62]  The

Government notes that "Defendant has all the necessary discovery and that if [defendant] finds the discovery 'insufficient to support the charges,' he is "welcome to [argue] so at trial."

Rule 7(c) of the Federal Rules of Criminal Procedure provides in relevant part:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged …. It need not contain a formal introduction or conclusion…. For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated….

Rule 7(f) provides in relevant part that "[t]he court may direct the government to file a bill of particulars."

A review of the indictment establishes that the Government has complied with its obligation to identify the elements of the offense charged, inform the defendant of the charge against which he must defend and allow the defendant to plead an acquittal or conviction to bar any future prosecutions for the same offense.  See e.g. Hamling v. United States, 418 U.S. 87, 117 (1974).  In Count I of the indictment, the Government describes the date of the alleged incident, the nature of the alleged incident, the specific vehicle involved and the identity of the individual whose death resulted allegedly as a consequence of Defendant and others.   In Count II, the Government informs Defendant that he and others are alleged to have used a firearm in furtherance of the crime described in Count I and, in the course of the alleged "violation," caused the death of a specific named victim.

The primary purpose of a bill of particulars is to apprise "the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial."  United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993).  A bill of particulars is not intended to provide discovery or detailed disclosure of the government's evidence at trial.  United States v. Lundstrom, 880 F.3d 423, 439 (8th Cir. 2018).  See also United States v. Huggans, 650 F.3d 1210, 1220 (8th Cir. 2011)

("[A] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." (citation omitted)).  More specifically, "the defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved."  United States v. Fassnacht, 332 F.3d 440, 446 (7th Cir. 2003) (internal quotation marks and citation omitted).  If information regarding the specific charge is available from other sources, such as hearings and discovery provided by the government, the need for a bill of particulars is eliminated.  See e.g. United States v. Hernandez, 299 F.3d 984, 989-90 (8th Cir. 2002).

With respect to the discovery provided, Defendant asserts that "it fails to establish a link between the alleged behavior of the Defendant and an attempted carjacking."  More specifically, Defendant describes the content of a video of the alleged incident and concludes that "it fails to establish that the shooter attempted to take the motor vehicle" [ECF No. 61].

In support of his position, Defendant relies on United States v. Dolan, 120 F.3d 856, 866 (8th Cir. 1997).  However, to the extent Dolan is applicable, it supports denial of Defendant's motion.  The indictment here is sufficient to alert Defendant as to the nature of the Government's allegations.

Defendant's focus on the insufficiency of the discovery to prove that he committed the charged crime provides no valid basis for ordering the Government to file a bill of particulars.  Defendant clearly understands the nature of the charges given that, among other reasons, an appropriate defense is explicitly articulated in his motion.  Accordingly, Defendant's motion for a bill of particulars is denied.

### B.  Motion to Dismiss the Indictment

As an alternative, Defendant moves to dismiss the indictment for lack of jurisdiction and

failure to state a claim pursuant to Federal Rules of Criminal Procedure 12(b)(2) and 12(b)(3)(B)(v).  As grounds, Defendant states as follows: "To date, the Government has not provided any information supporting the proposition that Mr. Simms engaged in an attempt to take a motor vehicle – a fact essential to the offenses." [ECF No. 61]  The Government did not address the Motion to Dismiss in its memorandum in opposition, but dismissed its position briefly at the hearing.[1]

Defendant's argument with respect to the Motion to Dismiss is nearly identical to his argument for a bill of particulars.  That is, Defendant apparently believes that to withstand a Motion to Dismiss for lack of jurisdiction or failure to state an offense, the Government is required to provide adequate proof of the offense in the indictment.  However, to the contrary, "[a]n indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." Huggans, 650 F.3d at 1217.

Moreover, "a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." United States v. DeLaurentis, 230 F.3d 659, 660 (3d Cir. 2000) (dismissal pursuant to 12(b)(2) not appropriate on the grounds that the evidence is not sufficient to prove the charges).  As the Eighth Circuit has held in words particularly apt here:

> In civil cases, of course, the summary judgment procedures contemplated by Federal Rules of Civil Procedure 56 may be utilized to test, pretrial, the

---

[1] At the hearing, the assistant United States Attorney stated as follows:

> Again, in this motion to dismiss for [sic] basis of lack of jurisdiction, what Mr. Borowiak is asking for is essentially a motion for judgment of acquittal, but, you know, it's our position obviously that there is more than sufficient evidence for a jury to make an inference that this was an attempted carjacking, and it's just that Mr. Borowiak and Mr. Simms disagree with that.  Again, that's an evidentiary issue properly decided before the district court.  But what we have here is a motion to dismiss the indictment, but legally the indictment itself is adequate.

> sufficiency of the evidence to establish triable issues of fact; but there is no corollary in criminal cases.  The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29…   [W]e simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be.

United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001) (quoting DeLaurentis, 230 F.3d at 661).

See also United States v. Sholley-Gonzalez, 996 F.3d 887, 893 (8th Cir. 2021) ("[W]hen courts go beyond the face of the indictment, they are testing the sufficiency of the evidence, not whether the indictment stated an offense.").  Here, Defendant is attempting to achieve what the Eighth Circuit has specifically proscribed.  Accordingly, the undersigned recommends denial of the alternative Motion to Dismiss.

In accordance with the Memorandum above,

**IT IS HEREBY ORDERED** that Defendant's Motion for bill of particulars is **DENIED**.

**IT IS FURTHER RECOMMENDED** that Defendant's alternative Motion to Dismiss be denied.

**The parties are advised that they have fourteen (14) days after service of this Report and Recommendation in which to file written objections to it**, unless an extension of time for good cause is obtained.  Failure to file timely objections may result in a waiver of the right to review.  See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990) (per curiam); 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of September, 2021