UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 4:19-CR-01051-HEA |
| JALEN EXAVIER SIMMS, | ) |
| aka "Pac Man," | ) |
| | ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant Jalen Exavier SIMMS, represented by defense counsel Philip

R. Eisenhauer, and the United States of America (hereinafter "United States" or "Government"),

represented by the Office of the United States Attorney for the Eastern District of Missouri. This

agreement does not, and is not intended to, bind any governmental office or agency other than the

United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor

bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, in exchange for the

defendant's voluntary plea of guilty to Count One of the Indictment, the United States agrees that

no further federal prosecution will be brought in this District relative to the defendant's attempted

carjacking and homicide of Jabari Clark on June 3, 2019, of which the Government is aware at this

time.

1

In addition, the parties agree that regardless of the U.S. Sentencing Guideline calculations agreed to herein, at the time of sentencing, the Defendant and the Government may request a sentence within a range between 23 and 25 years.  The parties agree that they will not request any sentence outside of this range.   The parties recognize that this joint recommendation of a sentencing range is not binding upon the Court, which has the authority to sentence the defendant in accordance with the applicable statutory schemes.

## 3.  **ELEMENTS:**

As to Count One, the defendant admits to knowingly violating Title 18, United States Code, Sections 2 and 2119, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(a) On or about June 3, 2019, in the City of St. Louis, within the Eastern District of Missouri, the Defendant, attempted to take a 2012 Dodge Ram truck, VIN 1C6RD7FT7CS283454, from the person of Jabari Clark; and

(b) The Defendant did so by means of force and/or violence; and

(c) The 2012 Dodge Ram truck had been transported in interstate or foreign commerce; and

(d) At the time the Defendant attempted to take the motor vehicle, he intended to cause death or serious bodily injury; and

(e) The death of a person, Jabari Clark, resulted from attempting to take the 2012 Dodge Ram truck.

2

**4. FACTS:**

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On June 3, 2019, at 6:03am, the defendant, Jalen SIMMS, and an unindicted co-conspirator both approached the victim, Jabari Clark, who was sitting in the driver's seat of his 2012 Dodge Ram truck in front of his residence near 3117 Rauschenbach Avenue in the City of St. Louis, within the Eastern District of Missouri. SIMMS approached Clark on the driver's side while the unindicted co-conspirator approached the passenger side of the vehicle. Both SIMMS and the unindicted co-conspirator were pointing firearms at Clark.

SIMMS then began a struggle with Clark in an effort to remove Clark from his vehicle. The parties agree that this attempt to remove Clark from his vehicle constituted a substantial step toward the offense of armed carjacking. After approximately 30 seconds of not being able to remove Clark from the car, SIMMS' unindicted co-conspirator discharged several shots from a firearm, striking Clark multiple times. SIMMS and his co-conspirator then fled the scene. Clark ultimately died on scene as a result of injuries sustained from the shooting despite family members attempting to administer aid.

Investigators located surveillance video from a house near the scene that captured the entire incident. During his flight, SIMMS dropped a phone charging cord that was later determined to have his DNA on it. The parties agree that the Dodge Ram that SIMMS and his unindicted co-conspirator were attempting to steal had traveled in interstate or foreign commerce prior to June 3, 2019.

3

### 5. **STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of any number of years up to life, a fine of not more than $250,000.00, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than three (3) years.

### 6. **U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions. However, the parties also agree that regardless of these calculations, they will jointly recommend a sentence between a range of 23 and 25 years.

    a. **Chapter 2 Offense Conduct:**

**(1) Base Offense Level:** The parties agree that the base offense level is 43, as found in Section 2A1.1. The parties agree that 2A1.1 is the appropriate cross-reference pursuant to 2B3.1(c)(1), as the victim was killed under circumstances that would constitute murder pursuant to Title 18, United States Code, Section 1111.

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: None.

    b. **Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that two (2) levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility. The parties agree that the defendant's eligibility for this deduction is

4

based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(2)  Other Adjustments:**  The parties agree that the following additional adjustments apply:  None.

**c.  Other Adjustment(s)/Disputed Adjustments:**  None.

**d.  Estimated Total Offense Level:**  The parties estimate that the Total Offense Level is 41.

**e.  Criminal History:**  The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**f.  Effect of Parties' U.S. Sentencing Guidelines Analysis:**  The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

5

## 7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining the applicable Sentencing Guidelines range, and regardless of that range, sentences the defendant to a sentence between 23 and 25 years, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues. Similarly, the Government hereby waives all rights to appeal all sentencing issues provided the Court accepts the plea, adopts the agreed Total Offense Level, and sentences the defendant in accordance with or above the parties' sentencing recommendation.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought

6

under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

    **a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

    **b.** **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

    **c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.     These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

    **d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant

toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to

8

require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

9

**10. <u>VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT</u>:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11. <u>CONSEQUENCES OF POST-PLEA MISCONDUCT</u>:**

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

10

## 12. <u>NO RIGHT TO WITHDRAW GUILTY PLEA:</u>

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

8/1/2022
Date

ANGIE E. DANIS, #64805MO
MATTHEW A. MARTIN, #64000MO
Assistant United States Attorneys

8/1/22
Date

JALEN EXAVIER SIMMS
Defendant

8/1/22
Date

PHILIP K. EISENHAUER, #39045MO
Attorney for Defendant

11